# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID RUNYON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:17-cv-530-WTL-MJD |
| | ) |
| J.E. KRUEGER, JOHN EDWARDS, | ) |
| MICHAEL SAMPLE, DR. RUPSKA, | ) |
| CO BRAZZELL, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 6, is **granted**. The assessment of even a partial filing fee is not feasible at this time.

**II.**

Plaintiff David Runyon is an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). *Pro se* complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation omitted); *see also Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**III.**

In the complaint, Runyon alleges that on November 20, 2015, defendant Edwards misled his security staff, including defendant Brazzell, and used his position of authority to trick Runyon into coming out of his cell under the false pretense of a visit with his attorneys. When Runyon arrived for the visit with attorneys, he alleges two unnamed FBI officers were waiting to interview him. Runyon alleges that by placing him in a room with FBI agents. Edwards endangered his life by causing him to be labeled a "snitch." Mr. Runyon alleges this conduct violated his rights under the Eighth Amendment. He seeks injunctive, declaratory, and monetary relief.

The complaint can be understood to allege a *Bivens* claim against the individual defendants. "Relief from misconduct by federal agents may be obtained by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063,

1065 (11th Cir. 1995)(noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

The right implicated by Runyon's complaint is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994).

Runyon alleges the defendants conduct caused him to be labeled a "snitch" and would potentially placed him in danger. However, he has not alleged that the defendants' conduct either created or ignored a risk of harm because he does not allege any facts that people who may harm him were aware of his meeting with the unnamed FBI agents. For this reason, his allegations do not rise to the level of a constitutional deprivation. The claims against defendants Edwards and Brazzell are **dismissed** for failure to state a claim.

The claims against defendants Krueger, Sample, and Rupska are also dismissed because there are no factual allegations in the complaint that these defendants personally participated or had knowledge of the allegations in the complaint.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

**IV.**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through January 26, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 2:17-cv-530-WTL-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 1/2/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID RUNYON
57997-083
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808