UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID RUNYON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-530-WTL-MJD |
| ) | |
| J.E. KRUEGER, JOHN EDWARDS, ) | |
| MICHAEL SAMPLE, DR. RUPSKA, ) | |
| CO BRAZZELL, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint, Dismissing
Insufficient Claims, and Directing Service of Process**

**I. Screening**

The plaintiff's amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). *Pro se* complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation omitted); *see also Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

In the complaint, Runyon alleges that on November 20, 2015, defendant Edwards misled his security staff, including defendant Brazzell, and used his position of authority to trick Runyon into coming out of his cell under the false pretense of a visit with his attorneys. When Runyon arrived for the visit with attorneys, he alleges two unnamed FBI officers were waiting to interview him. Runyon alleges that by placing him in a room with FBI agents, Edwards endangered his life by causing him to be labeled a "snitch." Runyon alleges defendants Edwards and Sample's conduct caused him to be labeled a "snitch" and soon after he received threats of violence from other inmates. He also alleges that Edwards and Sample told inmates he was a snitch.

Mr. Runyon alleges this conduct violated his rights under the Eighth Amendment. He seeks injunctive, declaratory, and monetary relief.

The complaint can be understood to allege a *Bivens* claim against the individual defendants. "Relief from misconduct by federal agents may be obtained by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)(noting that "the effect of *Bivens* was to create a remedy against federal

officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

The right implicated by Runyon's complaint is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994).

## II. Insufficient Claims

The claims against defendants Brazzell, Krueger, and Rupska are **dismissed** because there are no factual allegations in the complaint that these defendants personally participated or had knowledge of the allegations in the complaint. Rather, Runyon makes sweeping allegations that these defendants were aware of constitutional deprivations occurring in the facility. Runyon's Eighth Amendment claim of deliberate indifference is wholly conclusory and hence legally insufficient. As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555 & 557).

To the extent Runyon seeks a declaratory judgment that the actions of these individuals violated his constitutional rights, this claim must be dismissed because declaratory judgment cannot be used "solely to adjudicate [a defendant's] past conduct" and not to affect future behavior. *Simso v. State of Connecticut,* 2006 WL 3422194, at *8 (D.Conn. Nov. 28, 2006); *see also Mirbeau*

*of Geneva Lake LLC v. City of Lake Geneva*, 2009 WL 1770145, at *3 (E.D. Wis. 2009) (dismissing claim for declaratory judgment where complaint alleges only past illegal conduct).

### III. Claims that May Proceed

Runyon's Eighth Amendment claims against Edwards and Sample **may proceed**.

### IV. Further Proceedings

**The clerk is designated** to issue process to the United States. Process shall consist of a summons. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint, filed on January 30, 2018, (Dkt. No. 8), and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P*. 4(i)(2), at the expense of the United States.

Because plaintiff is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required** on defendant John Edwards and Michael Sample. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994).

**The clerk is instructed** to update the docket to show that defendants J.E. Krueger, Dr. Rupska, and CO Brazzell have been dismissed from this action.

**IT IS SO ORDERED.**

Date: 2/2/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

David Runyon, #57997-083
Terre Haute-USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

John Edwards
USP-TH
4700 Bureau Road North
Terre Haute, IN 47808

Michael Sample
USP-TH
4700 Bureau Road North
Terre Haute, IN 47808